EDNA L. OLSEN, complainant-respondent,

*v.*

NEIL OLSEN, defendant-appellant.

[Submitted October term, 1941. Decided January 9th, 1942.]

*Messrs. Herrigel, Lindabury & Herrigel (Mr. Fred Herrigel, Jr.),* for the complainant-respondent.

*Mr. H. Edward Wolf* and *Mr. Sholem Lipis,* for the defendant-appellant.

The opinion of the court was delivered by

WolfsKeil, J.

The appeal in this cause is from a final decree of the Court of Chancery on recommendation of the advisory master in a separate maintenance suit, directing the defendant husband to pay $35 a week for the support of his wife and two children, aged thirteen and twelve, respectively.

The amount of the award is not itself opposed as excessive or unreasonable, although appellant considered $30 a more appropriate figure. The appeal is directed against the decree *in toto,* it being contended by appellant that the provision made by him prior to commencement of the suit was adequate for the support of his wife and children, hence obviating any foundation for a decree against him. The amount of the payments made and the essential facts are not in dispute, so that the determination rests on the conclusions to be drawn from the facts.

The parties were married in May, 1927, and lived together until May, 1940, at which time the husband admits that he separated from his wife and children. His custom for several years preceding this separation was to pay his wife $50 a week, which she used for household expenses and family living necessities. The husband has no assets, save an old automobile, which he uses in his work. He earns $61.80 a week. For six weeks after the separation he paid his wife $25 a week. During the next three weeks he paid $15 a week. He paid $10 the tenth week, $20 in the eleventh week and $10 the twelfth week. After that the maintenance suit was commenced. In addition to the listed weekly payments, defendant also made payments for current expenses, including rent, gas, electricity and miscellaneous items that totaled $118.68 during the twelve weeks. The average of his contribution during the twelve weeks was therefore about $29 weekly. He seeks to justify the diminishing weekly sums by the allegation that his wife had previously incurred debts of $279.95 in running the household, which he was obliged to pay, that he borrowed $600 from his mother for this purpose and still owes her $540.

The Court of Chancery decided that $35 a week was necessary properly to support the wife and children, and that this sum was reasonably commensurate with the husband's earnings. His explanation for paying less is illogical. It is not a persuasive argument on his part to aver that he needed to borrow $600 to pay off $279.95. While payment of debts undertaken by a wife for necessaries may be calculated among obligatory disbursements to be credited for the husband, there is no warrant under the circumstances in this case for reducing the payments below the amount needed for adequate support, nor is there justification for payment in a sporadic, indefinite manner.

Defendant appeared especially concerned with the implications of a decree against him, and his expressed objective was not so much to dispute the propriety of paying $35 a week, but to remove what he fancied was the stigma upon him innate in an adverse decree. This is a pretension altogether without point or substance. The decree flows from the defendant's own admitted act of separating from his wife and children. A suit for maintenance on the part of an abandoned wife to seek redress in the absence of proper provision is the natural and expected consequence of the errant husband's conduct. The irregularity, uncertainty and inadequacy of payments by him furnish justification for affording to the wife the assurance and avail of a decree.

The decree of the Court of Chancery is accordingly affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.